**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Betty Moore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-9447 |
| ) | |
| The Bureaus, Inc., an Illinois ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Moore, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Betty Moore ("Moore"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for an Upgrade/Cross River Bank account.

4. Defendant, The Bureaus, Inc. ("Bureaus"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to

collect, directly or indirectly, defaulted consumer debts that it did not originate. Bureaus operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Illinois.

5. Defendant Bureaus is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then attempts to collect upon. Defendant Bureaus principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Bureaus is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Illinois.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Moore was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for an Upgrade/Cross River Bank account ("Upgrade"). Sometime after this debt went into default, it was allegedly purchased/ obtained by Defendant who then attempted to collect the debt from Ms. Moore, via among other means, a negative credit report.

8. On July 29, 2024, Ms. Moore's attorney wrote to Defendant to inform it that she was represented by counsel, and to note that she questioned the correctness of the Upgrade debt that Defendant was trying to collect from her. A copy of this letter and fax confirmation are attached as Exhibit B.

9. Ms. Moore's letter was sent to Defendant Bureaus via fax, to the facsimile phone number which Bureaus listed with the Nationwide Multistate Licensing System for

consumer contact, see, NMLS Consumer Access report, attached as Exhibit C.

10. On October 1, 2024, Ms. Moore obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt but had failed to note that the debt was disputed. The pertinent part of Ms. Moore's TransUnion credit report is attached as Exhibit D.

11. Accordingly, on October 2, 2024, Ms. Moore had to take the additional time, effort, and/or expense to have another attorney write Defendant a letter to reassert her dispute of the debt. A copy of this letter is attached as Exhibit E.

12. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

13. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

14. Defendant's collection actions negatively impacted Ms. Moore's credit score and cost her time, effort and/or expense to try and correct Defendant's actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this complaint.

## COUNT I
### Violation Of § 1692e (8) Of The FDCPA – Failing To Report That A Disputed Debt Is Disputed

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Betty Moore, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Moore, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Betty Moore, demands trial by jury.

## PRAYER FOR RELIEF

Plaintiff, Betty Moore, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Moore, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAN D

Plaintiff, Betty Moore, demands trial by jury.

> Betty Moore,
>
> By: s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated: October 3, 2024

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com